IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick Fishburne, | ) | Case No.: 0:24-cv-1210-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Lavern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 27.) Petitioner Derrick Fishburne ("Petitioner" or "Fishburne"), proceeding *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, against Respondent Lavern Cohen ("Respondent").

On July 8, 2024, Respondent filed a Motion for Summary Judgment. (DE 20.) Under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the motion for summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 21.) Notwithstanding the specific warning and instructions outlined in the Court's

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

*Roseboro* order, the Petitioner failed to respond to the motion. As the Petitioner is proceeding *pro se*, the court filed a second order on August 16, 2024, advising the Petitioner that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Petitioner an additional fourteen (14) days in which to file his response to the Respondent's Motion for Summary Judgment. (DE 24.) The Petitioner was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). The Petitioner did not file a response.

The Report was issued on September 5, 2024, recommending that Petitioner's case be dismissed. (DE 27.) Petitioner did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 27) and incorporates it here by reference.

It is, therefore, **ORDERED** that Fishburne's Petition is dismissed with prejudice for lack of prosecution and all pending motions are terminated as moot. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

*Joseph Dawson III (signature)*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 23, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.